IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WAYNE MILLS, <br> TDCJ No. 02262147, | § <br> § <br> § | |
| Petitioner, | § <br> § <br> § | No. 3:26-cv-775-S-BN |
| V. | § <br> § | |
| DIRECTOR, TDCJ-CID, | § <br> § <br> § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jeremy Wayne Mills filed this action for federal habeas relief under 28 U.S.C. § 2254. *See* Dkt. Nos. 3, 4. The presiding United States district judge referred the case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Mills filed a motion for leave to proceed *in forma pauperis* ("IFP") but did not attach a certificate of trust account ("CTA"). *See* Dkt. No. 6. So the undersigned entered a notice of deficiency and order requiring Mills to submit a CTA. *See* Dkt. No. 7. Mills has now submitted the required CTA. *See* Dkt. No. 10.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the IFP motion; order that Mills pay the filing fee; and, if he fails to do so within a reasonable time, dismiss this action without prejudice for failure to prosecute and obey an order of the Court.

The IFP statute, 28 U.S.C. § 1915, "was designed to ensure that litigants would not be deprived of meaningful access to the federal judicial system due to their

financial circumstances." *Bucklew v. St. Clair*, No. 3:18-cv-2117-N-BH, 2019 WL 2250886, at \*2 (N.D. Tex. May 15, 2019) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *rec. accepted*, 2019 WL 2249718 (N.D. Tex. May 24, 2019). But, to gain access, "[a] litigant seeking IFP status must submit an affidavit identifying all assets he possesses, as well as a statement that he is unable to pay the necessary fees of bringing a federal civil action." *Smith-Garcia v. Harrison Cnty.*, 776 F. App'x 226, 227 (5th Cir. 2019) (per curiam) (citing 28 U.S.C. § 1915(a)(1)).

The Court must then examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual [applicants'] financial resources, including whether the expenses are discretionary or mandatory." *Id.*

And, while "[t]he term 'undue financial hardship' is not defined and, therefore, is a flexible concept[,] ... a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'" *Walker v. Univ. of Tex. Med. Branch*, No. 1:08-CV-417, 2008 WL 4873733, at \*1 (E.D. Tex. Oct. 30, 2008) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Williams v. Louisiana*, Civ. A. No. 14-00154-BAJ-EWD, 2017 WL 3124332, at \*1 (M.D. La. Apr. 14, 2017) (noting that the applicable standard "requires a showing of more than an inconvenience to the applicant" (citations omitted)).

For inmates, the amount of money available in their prison trust account or

from other sources should be considered. *See Prows*, 842 F.2d at 140; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007); *see also Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978) ("[W]hether the litigant is 'unable to pay' the costs [associated with initiating a lawsuit also] ... depend[s] in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend.").

The certificate of inmate trust account ("CTA") attached to Mills's IFP motion reflects that the average monthly deposits for his accounts for the last six months were $94.67, and although the average monthly balance for his account for the last six months was $28.24, his current balance was $153.62. *See* Dkt. No. 10. As the filing fee for a habeas case is just $5, even though Mills is incarcerated, the verified information in his CTA reflects that he can afford to pay that filing fee without incurring undue financial hardship.

## Recommendation

The Court should deny Petitioner Jeremy Wayne Mills leave to proceed *in forma pauperis*, *see* Dkt. No. 6, and order that he pay the $5 filing fee within 21 days of any order accepting or adopting this recommendation (or within some other reasonable time to be set by the Court), and, if he fails to do so, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 3, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE