IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WAYNE MILLS,<br>TDCJ No. 02262147,<br><br>Petitioner,<br><br>V.<br><br>DIRECTOR, TDCJ-CID,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:26-cv-775-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jeremy Wayne Mills filed this action for federal habeas relief under 28 U.S.C. § 2254. *See* Dkt. Nos. 3, 4. The presiding United States district judge referred the case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Because his habeas petition did not appear to be timely, the undersigned issued a questionnaire to Mills to provide him with an opportunity to explain why his federal habeas action was not time-barred and what (if anything) prevented him from filing sooner. *See* Dkt. No. 14. And Mills filed his responses. *See* Dkt. No. 15.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons set out below, the Court should dismiss this federal habeas challenge with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

**Legal Standards**

Habeas Rule 4 allows a district court to summarily dismiss a habeas

application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (citation omitted)).

While "the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329.

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (cleaned up; quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

Under the circumstances here, the questionnaire provided notice and Petitioner has had an opportunity to respond. And these findings, conclusions, and recommendation also provide Petitioner fair notice, and the opportunity to file objections to them (further explained below) affords an additional chance to present

to the Court his position as to the limitations concerns explained below. *See, e.g.*, *Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

> collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from

external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'"

(quoting *Schlup*, 513 U.S. at 324, 327)).

**Analysis**

The timeliness of most Section 2254 applications is determined under Subsection A, based on the date on which the judgment became final.

And a state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Mills was convicted at a jury trial of aggravated sexual assault of a child under 14 and was sentenced to 40 years' imprisonment. *See State v. Mills*, No. F17-72093 (291st Jud. Dist. Ct., Dall. Cnty., Tex. Apr. 22, 2019). Mills filed a direct appeal. *See Mills v. State*, No. 05-19-00790-CR, 2021 WL 3754570 (Tex. App.—Dallas Aug. 25, 2021, no pet.).

Mills then sought an extension to file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals and received an extension of time until November 29, 2021. *See In re Mills*, No. PD-0739-21 (Tex. Ct. Crim. App.). But Mills did not file a PDR or seek an additional extension by this deadline. *See id.* Because Mills did not timely file a petition for discretionary review, his state conviction became final for the purpose of AEDPA's statute of limitations on November 29, 2021, the day his extended period for filing expired. So the deadline to file a federal habeas petition based on a limitations determination under Subsection A was Tuesday, November 29, 2022.

And Mills did not file a state habeas application attacking his convictions until February 2023. *See In re Mills*, No. W-1772093-A (291st Dist. Ct., Dallas Cnty. Tex.), *denied*, No. WR-94, 767-01 (Tex. Crim. App. May 10, 2023). So the pendency of the state habeas application did not toll the limitations period since the one-year period for seeking relief under Section 2254 expired before the first state habeas application was filed.

In his response to the Court's questionnaire, Mills asserts that his petition is not barred because his claims reveal miscarriage of justice and actual innocence. As to miscarriage of justice, Mills alleges errors in the written judgment that do not affect the jury's verdict or punishment assessment or otherwise support the application of the factual innocence gateway to overcome the AEDPA's statute of limitations. *See* Dkt. No. 15 at 2-4.

Mills also asserts actual innocence based on a vague assertion that medical records from October 2, 2017 (22 days before he was charged) establish his innocence. *See id.* at 4. It is not clear from his response or petition whether this is new evidence, evidence available at the time of Mills's trial, or evidence presented to the jury. But even assuming it is new evidence, this assertion does not constitute "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). And it is not enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*,

513 U.S. at 329).

Finally, Mills asserts that he could not have sought postconviction relief sooner because he did not have all the documents he needed and did not know what documents were needed. *See* Dkt. No. 15 at 5. Specifically, Mills states that he did not request the record until 2023 and did not receive relevant portions of the record until 2024. *See id.*

But "common problems of inmates who are trying to pursue postconviction habeas relief" do not alone – or even in the aggregate – justify equitable tolling. *Webster v. Stephens*, No. 4:13-cv-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) ("It is well settled ... that a petitioner's *pro se* status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999))); *see also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (per curiam) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling." (citing *Felder*, 204 F.3d at 171-72; *Scott*, 227 F.3d at 263 & n.3)).

The Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

**Recommendation**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Jeremy Wayne Mills's 28 U.S.C. § 2254 habeas application with prejudice as time barred. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 13, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE